# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> SERGIO SANCHEZ-MORPHIN, ) <br> ) <br> Defendant. ) <br> ) | 3:05-cr-00034-RCJ <br><br> ORDER |

Pending before the Court is Petitioner Sergio Sanchez-Morphin's Motion to Vacate Under 28 U.S.C. § 2255 (ECF No. 95). Petitioner has also filed a Motion to Amend (ECF No. 99). The Court grants the motion to amend and denies the motion to vacate.

## I.   FACTS

Petitioner is a federal prisoner serving a 108-month sentence pursuant to a jury conviction for one count of aiding and abetting the distribution of methamphetamine under 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1). (*See* J., Dec. 18, 2006, ECF No. 71). Plaintiff was convicted after trial. He did not waive any appeal rights via a plea bargain, and he therefore had the ability to appeal any and all issues directly. Plaintiff appealed the alleged inadequate explanation for failure to depart from the sentencing guidelines, and the Ninth Circuit affirmed. (*See* Order, Mar. 10, 2008, ECF No. 88). Plaintiff alleges his petitions for a rehearing, rehearing en banc, and for certiorari with the United States Supreme Court were denied, but he does not provide evidence of such filings or denials, which are not elsewhere in the record.

Plaintiff brings four claims: (1) his right to counsel was violated when his trial counsel was ineffective because he failed to introduce evidence that would have proved a key witness against him, the government's confidential informant Oscar Mora-Garcia ("Garcia"), had lied on the stand about not having used or been arrested for drugs since 2000; (2) his due process rights were violated when the government used this allegedly false testimony against him; (3) his due process rights were violated when the government introduced evidence of chain of custody that Petitioner believes was contradicted by other evidence; and (4) his right to counsel was violated when his trial counsel failed to investigate certain conflicting evidence. Even assuming for the sake of argument that Petitioner exhausted his direct appeals, and that the present motion is timely, the claims fail, and the Court denies the motion.

## II.   LEGAL STANDARDS

### A.   Procedural Default

Issues decided on direct review, or which could have been raised on direct review but were not raised, cannot be brought in a § 2255 claim. *Reed v. Farley*, 512 U.S. 339, 358 (1994). The latter kinds of claims are said to be "procedurally defaulted" and cannot be raised later in a collateral attack. *See id.* There are exceptions to the procedural default rule when a defendant can show: (1) cause and prejudice; or (2) actual innocence. *United States v. Ratigan*, 351 F.3d 957, 962 (9th Cir. 2003) (citing *Bousley v. United States*, 523 U.S. 613, 622 (1998)).

#### 1.   Cause

"Cause" means "some objective factor external to the defense" that impeded the defendant's efforts to comply with the procedural requirement. *McCleskey v. Zant*, 499 U.S. 467, 493 (1991). Among the reasons that can constitute "cause" are government coercion, *see United States v. Wright*, 43 F.3d 491, 497–99 (10th Cir. 1994), ineffective assistance of counsel, *see McCleskey v. Zant*, 499 U.S. 467, 494 (1991), and a "reasonable unavailability of the factual or

1  legal basis for the claim," *see id.* Ineffective assistance of counsel is "cause" excusing
2  procedural default only where the failure rises to the level of a constitutional violation under
3  *Strickland*. *United States v. Skurdal*, 341 F.3d 921, 925–27 (9th Cir. 2003) (citing *Strickland v.*
4  *Washington*, 466 U.S. 668 (1984)).

5        **2.**    **Prejudice**

6        "Prejudice" means that "the constitutional errors raised in the petition actually and
7  substantially disadvantaged [a defendant's] defense so that he was denied fundamental fairness."
8  *Murray v. Carrier*, 477 U.S. 478, 494 (1986). A showing of prejudice requires demonstration of
9  a "reasonable probability that . . . the result of the proceedings would have been different. A
10 reasonable probability is a probability sufficient to undermine confidence in the outcome."
11 *Vansickel v. White*, 166 F.3d 953, 958–59 (9th Cir. 1999) (quoting *Strickland*, 466 U.S. at 694)).

12       **B.**    **Ineffective Assistance of Counsel**

13       Ineffective assistance of counsel claims meeting the *Strickland* test are not procedurally
14 defaulted, and such claims can be brought for the first time under a § 2255 motion even if they
15 could also have been brought on direct appeal. *Massaro v. United States*, 538 U.S. 500, 504
16 (2003). Ineffective assistance of counsel claims under § 2255 are essentially a special variety of
17 "cause and prejudice" claim. The prejudice required is the same, but the cause is based
18 specifically on constitutionally deficient counsel rather than some other miscellaneous "objective
19 factor external to the defense." *McCleskey*, 499 U.S. at 493.

20       The Sixth Amendment right to effective assistance of counsel is violated when: (1)
21 counsel's performance was so deficient so as not to constitute the "counsel" guaranteed by the
22 Sixth Amendment; and (2) the deficiency prejudiced the defense by "depriv[ing] the defendant
23 of a fair trial, a trial whose result is reliable." *Stickland*, 466 U.S. at 687. There is a "strong
24 presumption" of reasonable professional conduct. *Id.* at 698. When this presumption is

overcome and an attorney's "unprofessional errors" are such that there is a "reasonable probability" the result would have been different had the errors not occurred, the defendant has been deprived of his Sixth Amendment rights. *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986). "Reasonable probability" is a lower standard than "more likely than not." *Nix v. Whiteside*, 475 U.S. 157, 175 (1986). The analysis does not focus purely on outcome. *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993). The trial must also have been fundamentally unfair or unreliable. *Williams v. Taylor*, 529 U.S. 362, 391–92 (2000). Counsel's tactical decisions with which a defendant disagrees do not rise to the level of ineffective assistance unless the decisions are so poor as to meet the general test for constitutionally defective assistance. *See District Attorney's Office for Third Judicial Dist. v. Osborne*, 129 S. Ct. 2308, 2330 (2009).

III. ANALYSIS

The claims concerning prosecutorial misconduct are procedurally defaulted. Petitioner alleges no cause for having failed to bring these claims on direct review. The ineffective assistance of counsel claims fail on the merits.

First, Petitioner's trial counsel cannot possibly be considered ineffective for failing to introduce evidence showing that Garcia was lying on the stand about never having used drugs or been arrested for drugs since 2000, because such evidence is clearly inadmissible. Petitioner does not allege that Garcia had been convicted for any crime related to the alleged drug use for which he could have been punished for over one year. *See* Fed. R. Evid. 609(a)(1). Petitioner alleges only that Garcia had used and been arrested for drugs. Specific incidents of misconduct may in the discretion of a court be used to impeach a witness on cross-examination, but only if that conduct is probative of truthfulness. *See* Fed. R. Evid. 608(b). Here, the alleged conduct is drug use, which is not probative of truthfulness. Even if evidence of such conduct were admissible, once a witness denies the conduct on the stand, counsel may not counter the denial

Page 4 of 5

with extrinsic evidence. *See id.* Petitioner alleges that Garcia was under the influence of drugs when he made the transaction leading to Petitioner's arrest, which puts his testimony in doubt. But Petitioner admits counsel asked Garcia about this, and Garcia denied it. Petitioner does not indicate how he claims to know Garcia was under the influence of drugs at the scene or that his trial counsel refused to let him testify about such knowledge despite a demand to do so.

Second, Petitioner argues that counsel's failure to investigate conflicting evidence violated his right to counsel. Specifically, Petitioner notes that DEA agent Barnard (Garcia's controller) and DEA forensic chemist Goldberg testified that the evidence consisted of one two-ounce bag of methamphetamine. Petitioner then notes that Garcia testified alternately that he received one two-ounce bag versus two one-ounce bags. The Court finds that this did not affect the outcome of the trial to any reasonable probability. The jury heard the discrepancy and was able to determine if it materially affected Garcia's credibility. The integrity of the verdict is not put in doubt by trial counsel's failure, if it can be called a failure, to further probe this alleged discrepancy. Moreover, there is no difference in either guilt or sentencing between exchanging one two-ounce bag of drugs or two one-ounce bags of drugs in the same transaction.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Amend (ECF No. 99) is GRANTED.

IT IS FURTHER ORDERED that the Motion to Vacate Under 28 U.S.C. § 2255 (ECF No. 95) is DENIED.

IT IS SO ORDERED.

Dated this 4th day of February, 2011.

_____
ROBERT C. JONES
United States District Judge